IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (DAYTON)

| | | |
|---|---|---|
| MIAMI VALLEY MOBILE HEALTH SERVICES, INC., et al., | : | CASE NO. 3:11cv158 |
| | : | (Judge Walter Herbert Rice) |
| Plaintiffs, | | |
| | : | **MOTION OF DEFENDANT** |
| v. | | **EXAMONE WORLDWIDE INC. TO** |
| | : | **DISMISS WITH PREJUDICE** |
| EXAMONE WORLDWIDE INC., | | **PLAINTIFFS' COMPLAINT WITH** |
| | : | **JURY DEMAND ENDORSED** |
| Defendant. | | **HEREON** |
| | : | |

Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), Defendant ExamOne Worldwide Inc. ("ExamOne") asks this Court to dismiss, with prejudice, Plaintiffs Miami Valley Mobile Health Services, Inc. and Joy M. Brush's (collectively "Plaintiffs") Complaint with Jury Demand Endorsed Hereon ("Complaint"), as it fails to plead sufficient facts to support a plausible legal theory for recovery and fails to state a claim upon which relief can be granted against ExamOne.

Dismissal is appropriate because: (1) Plaintiffs' claims are time barred under the applicable statutes of limitation; (2) Plaintiffs' allegations fail to meet the heightened pleading requirements of Bell Atl. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955 (2007), and Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009); (3) Plaintiffs' claims for declaratory judgment, breach of implied contract, promissory estoppel, breach of fiduciary duty, unjust enrichment, misappropriation of trade secrets, tortious interference and conversion are precluded by, and duplicative of, Plaintiffs' breach of contract claims; and (4) Plaintiffs' claims for tortious

interference and conversion are preempted by the Uniform Trade Secrets Act.  Therefore, the entirety of Plaintiffs' Complaint should be dismissed, with prejudice.[1]

Respectfully submitted,

OF COUNSEL:

D. Jeffrey Ireland (0010443)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-3710
Telecopier:  (937) 227-3717
Email:  djireland@ficlaw.com

s/ Erin E. Rhinehart
Brian D. Wright (0075359)
   (Trial Attorney)
Erin E. Rhinehart (0078298)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-9910
Telecopier:  (937) 227-3717
Email:  bwright@ficlaw.com

Attorneys for
Defendant ExamOne Worldwide Inc.

---

[1] A proposed Order is attached as Exhibit A and will be emailed separately to the Court in accordance with S.D. Ohio Electronic Filing Rules and Procedures Manual Section II.E.2.

## <u>TABLE OF CONTENTS</u>

I.    PLAINTIFFS' CLAIMS ARE GOVERNED BY PENNSYLVANIA LAW ........................1

II.    PLAINTIFFS' CLAIMS ARE TIME BARRED ....................................................3

  A.  Plaintiffs' Breach of Contract Claims are Barred ...........................................3

  B.  Plaintiffs' Promissory Estoppel and Breach of Fiduciary Duty Claims
     Are Barred ...........................................................................................4

  C.  Plaintiffs' Misappropriation of Trade Secrets Claim is Barred ...........................4

  D.  Plaintiffs' Tortious Interference Claims are Barred ........................................5

  E.  Plaintiffs' Conversion Claim is Barred ......................................................6

III.   EVEN IF NOT TIME BARRED, PLAINTIFFS' CLAIMS FAIL AS A
     MATTER OF LAW AND SHOULD BE DISMISSED ........................................6

  A.  Plaintiffs' First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and
     Eleventh Claims for Relief Should be Dismissed Because They Are Duplicative
     of, and Precluded by, Their Breach of Contract Claims ...................................6

    1.   Plaintiffs' Declaratory Judgment Claim Fails ...............................6

    2.   Plaintiffs' Breach of Implied Contract, Promissory Estoppel, and Unjust
       Enrichment Claims Cannot Exist Where There Is a Valid and Enforceable
       Written Contract ...........................................................................9

    3.   Plaintiffs' Claims for Breach of Fiduciary Duty, Misappropriation
       of Trade Secrets, Tortious Interference and Conversion are Barred Under
       the Gist of the Action Doctrine ......................................................12

  B.  Plaintiffs' Ninth, Tenth and Eleventh Claims for Relief Should be Dismissed
     Because They are Preempted and Fail as a Matter of Law ..............................15

    1.   Plaintiffs' Claims for Tortious Interference and Conversion are Preempted
       and Should be Dismissed .............................................................15

    2.   Plaintiffs' Claims for Tortious Interference Also Fail Because Plaintiffs
       Fail to Allege Essential Elements of These Claims ...............................16

IV.  CONCLUSION .......................................................................................20

**MEMORANDUM IN SUPPORT OF MOTION OF
DEFENDANT EXAMONE WORLDWIDE INC. TO DISMISS WITH PREJUDICE
PLAINTIFFS' COMPLAINT WITH JURY DEMAND ENDORSED HEREON**

Plaintiffs Miami Valley Mobile Health Services, Inc. and Joy M. Brush
(collectively "Plaintiffs") are not permitted merely to throw claims against the wall to see what
sticks.  Even a cursory review of Plaintiffs' Complaint, and the attached agreements, reveals that
Plaintiffs' claims sound in contract only.  As alleged, the parties (and their predecessors-in-
interest) have worked together for decades.  Not until Defendant ExamOne Worldwide Inc.
("ExamOne") chose to exercise its contractual right to terminate its relationship with Plaintiffs
did they raise any issue with the business practices of ExamOne.[2]  Sour feelings are insufficient
to maintain any of the claims pled against ExamOne.

Pursuant to Fed. R. Civ. P. 8(a) and 12(b)(6), ExamOne moves to dismiss, with
prejudice, Plaintiffs' Complaint with Jury Demand Endorsed Hereon ("Complaint" or "Compl."),
in its entirety, as it fails to plead sufficient facts to support a plausible legal theory for recovery
and does not state a claim upon which relief can be granted.

I.          PLAINTIFFS' CLAIMS ARE GOVERNED BY PENNSYLVANIA LAW

Ohio law requires enforcement of an effective choice of law provision.[3]  Schulke
Radio Prod. Ltd. v. Midwestern Broad. Co., 6 Ohio St. 3d 436, 438-39, 453 N.E. 2d 683 (1983)
(adopting Restatement (Second) Conflict of Laws, §187, which requires the law of the state
chosen by the parties to a contract to govern the parties' contractual rights and duties); Heidtman

---

[2] Notwithstanding Plaintiffs' claim that ExamOne's termination of Plaintiffs is in breach of the Agency Agreement
(Compl., ¶66), which Plaintiffs allege to be "valid and enforceable" (Compl., ¶58), paragraph 5.1 of the Agency
Agreement (attached as Exhibit 3 to the Complaint) provides that, "either party may terminate this Agreement for
any reason upon ninety (90) days written notice . . . ."  There is no allegation that ExamOne failed to comply with
the notice requirements.  Based on Plaintiffs' allegations (or lack thereof), and the attached Agency Agreement,
ExamOne's termination of Plaintiffs was proper.

[3] A federal court with diversity jurisdiction must apply the choice of law rules of the state in which it sits.  Klaxon
Co. v. Stentor Elec. Mfg. Co., 313 U.S. 487, 496, 61 S. Ct. 1020 (1941).

Steel Prods., Inc. v. Compuware Corp., No. 3:97CV7389, 1999 U.S. Dist. LEXIS 21700, at *11-12 (N.D. Ohio Feb. 15, 1999) (relying on Schulke Radio, the court found that "a choice of law provision in the [applicable agreement] dictates that the law of the state where defendant's offices are located – Michigan – governs disputes between the parties.  There is no reason under Shulke why this choice of law provision should not be enforced.").  The scope of the parties' choice of law provision should also be enforced.  Baumgardner v. Bimbo Food Bakeries Distrib., 697 F. Supp. 2d 801, 804-806 (N.D. Ohio 2010) (finding that the parties' choice of law provision, which provided, "[t]he validity, interpretation and performance of this Agreement shall be controlled by and construed in accordance with the laws of New York[,]" applied to all of plaintiff's claims, including contract, tort and quasi contract claims) (relying, in part, on Banek, Inc. v. Yogurt Ventures U.S.A., Inc., 6 F.3d 357, 363 (6th Cir. 1993)).

Here, as in Heidtman Steel, the parties' choice of law provision(s) should be enforced with regard to every claim alleged by Plaintiffs.  Regardless whether the Court finds that one, some or all of the agreements attached to the Complaint is/are valid and enforceable, those agreements - all of which Plaintiffs allege are valid and enforceable, Compl., ¶58 - include valid and enforceable provisions requiring Pennsylvania law to govern the parties' claims.

Both addendums to the 1989 License Agreement (attached as Exhibits 2 and 4 to the Complaint) provide for application of Pennsylvania law.  The [First] Addendum to Agreement (Exhibit 2 to the Complaint), provides:

> "For the purpose of determining the adequacy of the consideration exchanges by the parties the law of the Commonwealth of Pennsylvania shall govern the provisions of this addendum."

Addendum to Agreement, ¶5.  The Second Addendum provides, without any other reference to choice of law, that, "[i]n all other respects the terms of the [1989 License] Agreement and the

First Addendum shall remain and continue to govern the relationship of the parties." Second

Addendum, ¶2.

Likewise, the 1995 Agency Agreement also provides for broad application of

Pennsylvania law:

> "[The parties] intend[] to be legally bound according to the laws of
> the State of Pennsylvania . . . ."

1995 Agency Agreement, p. 4.[4]

Like <u>Heidtman Steel</u>, there is no reason why the Pennsylvania choice of law

provision(s) should not be enforced. Worldwide Heath Services, Inc's. (ExamOne's predecessor-

in-interest) offices were based in Pennsylvania. The parties are sophisticated business entities

that entered into agreements and elected to be governed by Pennsylvania law. Therefore,

Pennsylvania law governs all of Plaintiffs' claims.

II.        <u>PLAINTIFFS' CLAIMS ARE TIME BARRED</u>

A.        <u>Plaintiffs' Breach of Contract Claims are Barred</u>

Plaintiffs' breach of contract claims (Second, Third and Fourth Claims for Relief)

are subject to a four-year statute of limitation. 42 Pa. Cons. Stat. §§5525(4) (implied contract),

(8) (written contract). Plaintiffs' allegations that ExamOne breached the 1989 License

Agreement, 1995 Agency Agreement and a purported "implied contract" are all based on the

same factual allegations, <u>i.e.</u>, that ExamOne allegedly took business from Plaintiffs "by

establishing corporate offices and using the zip code model." Compl., ¶¶61, 65, 70. Based on

Plaintiffs' allegations, by "late 2005 or 2006" Plaintiffs were aware of ExamOne's opening of its

---

[4] The 1989 License Agreement provides that it "shall be governed and construed in accordance with the laws of the state where action authorized by the terms of this Agreement." 1989 License Agreement, ¶17(G) (attached as Exhibit 1 to the Complaint). The 2000 Memo of Understanding (attached as Exhibit 5 to the Complaint) contains no choice of law provision. Neither agreement contradicts the specific choice of law provisions shown above that require application of Pennsylvania law.

own corporate offices, ExamOne's institution of the "zip code model" and its use of both to "chip away" at Plaintiffs' business.  Compl., ¶¶35, 41, 44-46.  Therefore, Plaintiffs had four years from, at the latest, on or about January 2006, (i.e., by January 2010), to file their breach of contract claims.  Plaintiffs are over a year late in filing their claims.

        B.      Plaintiffs' Promissory Estoppel and Breach of Fiduciary Duty Claims Are Barred

Plaintiffs' promissory estoppel claim (Fifth Claim for Relief) is subject to a four-year statute of limitation (42 Pa. Cons. Stat. §5525(4)), and Plaintiffs' breach of fiduciary duty claim (Sixth Claim for Relief) is subject to a two-year statute of limitation (42 Pa. Cons. Stat. §5524).  Plaintiffs' claims for promissory estoppel and breach of fiduciary duty allege that ExamOne breached the parties' contracts.  Compl., ¶73 (alleging that ExamOne failed to honor its promise "to honor Plaintiffs' contracts with WWHS Inc., ExamOne's predecessor in interest"); ¶¶79-80 (alleging that ExamOne "breached the duty of good faith and fair dealing it owed Plaintiffs" [] "by virtue of the written License and Agency Agreements . . . ").  Notwithstanding other impediments to Plaintiffs' promissory estoppel and breach of fiduciary duty claims (see infra, Sections III(A)(2), (3)), Plaintiffs were aware of ExamOne's alleged breaches by, at the earliest, early-2000 (Compl., ¶¶35, 41-43), or, at the latest, early-2006 (Compl., ¶44).  Therefore, even assuming the latter applies, Plaintiffs' claims are time barred.[5]

        C.      Plaintiffs' Misappropriation of Trade Secrets Claim is Barred

Plaintiffs' misappropriation of trade secrets claim (Eighth Claim for Relief) is subject to a three-year statute of limitation.  12 Pa. Cons. Stat. §5307.  Plaintiffs allege that, ExamOne "has used and currently is using Plaintiffs' business contacts to procure business . . .

---

[5] In Ohio, claims for promissory estoppel are subject to a six-year statute of limitation (Ohio Rev. Code §2305.07), and claims for breach of fiduciary duty are subject to a four-year statute of limitation (Ohio Rev. Code §2305.09(D)).  Therefore, even if Ohio law applies, Plaintiffs' claim is time barred.

and establish its own corporate paramedical offices . . . ."  Compl., ¶94.   Plaintiffs also allege

that since "early 2000" ExamOne began opening its own corporate offices (Compl., ¶¶35, 41-

42), and "[b]y June 2007, [Plaintiffs] had become very concerned that ExamOne was . . .

"procur[ring] confidential trade secrets from Plaintiffs" (Compl., ¶47).   Plaintiffs, therefore, had,

at the latest, until June 2010 to file their claim against ExamOne.[6]

     D.    <u>Plaintiffs' Tortious Interference Claims are Barred</u>

     Plaintiffs' tortious interference claims (Ninth and Tenth Claims for Relief) are

subject to a two-year statute of limitation.  42 Pa. Cons. Stat. §§5524(3), (7); <u>Bender v.

McIlhatten</u>, 360 Pa. Super. 168, 171, 173, 520 A.2d 37 (1987).  Plaintiffs allege that ExamOne

interfered with their business relationships "by hindering and/or preventing Plaintiffs from doing

business . . . as enumerated herein . . . ."  Compl., ¶103.  Notwithstanding the other impediments

to Plaintiffs' Complaint,[7] assuming Plaintiffs are referring to ExamOne's establishment of a

corporate office, centralized scheduling and the zip code model, which Plaintiffs "enumerated"

earlier (Compl., ¶¶41-48), at the latest, Plaintiffs' tortious interference claims should have been

brought within two years of January 2006, <u>i.e.</u>, by January 2008.  Plaintiffs are three and a half

years late.

     Likewise, Plaintiffs' tortious interference with contractual relationships claim is

time barred.   Again, Plaintiffs allege that ExamOne's "requiring [Plaintiffs] to utilize a central

scheduling office . . ." interfered with their contractual relationships.  Compl., ¶106.  Plaintiffs

---

[6] In Ohio, claims for misappropriation of trade secrets are subject to a four-year statute of limitation.  Ohio Rev.
Code §1333.66.  Therefore, even if Ohio law applies, Plaintiffs' claim is time barred because certain alleged acts
took place in "early 2000."  Compl., ¶¶35, 41-42.

[7] <u>See</u> <u>infra</u> Sections III(A)(3), (B).

allege that ExamOne's actions began in early 2000 (Compl., ¶¶35, 41-43), or, at the latest, "by late 2005 or 2006" (Compl., ¶44). Plaintiffs' claim is, again, time barred.[8]

      E.      <u>Plaintiffs' Conversion Claim is Barred</u>

Plaintiffs' conversion claim (Eleventh Claim for Relief) is barred by a two–year statute of limitation. 42 Pa. C.S.A. §5524(3); <u>Kingston Coal Co. v. Felton Mining Co.</u>, 456 Pa. Super. 270, 284, 690 A.2d 284 (1997). Plaintiffs reiterate their claims of misappropriation of trade secrets (taking Plaintiffs' business contacts) and breach of contract (use of the zip code model to take business from Plaintiffs) under the guise of a claim for conversion. Compl., ¶¶112-114. As demonstrated above, both claims are barred by three- and four-year statutes of limitation, respectively. Pennsylvania's two-year statute of limitation for claims of conversion prohibits these allegations. Plaintiffs had until, at the latest, June 2009 (two years from June 2007), to file their claim for conversion. Compl. ¶47. Plaintiffs are, again, late.[9]

III.      EVEN IF NOT TIME BARRED, PLAINTIFFS' CLAIMS FAIL AS A MATTER OF LAW AND SHOULD BE DISMISSED

      A.      Plaintiffs' First, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, Tenth and Eleventh Claims for Relief Should be Dismissed Because They Are <u>Duplicative of, and Precluded by, Their Breach of Contract Claims</u>

          1.      <u>Plaintiffs' Declaratory Judgment Claim Fails</u>

Declaratory judgment is not appropriate because Plaintiffs have an adequate remedy at law. Courts generally consider five factors to determine whether a case is appropriate for declaratory judgment:

---

[8] In Ohio, claims for tortious interference are subject to a four-year statute of limitation. Ohio Rev. Code §2305.09(D). Therefore, even if Ohio law applies, Plaintiffs' tortious interference claims are time barred.

[9] In Ohio, claims for conversion are subject to a four-year statute of limitation. Ohio Rev. Code §2305.09(B). Even if Ohio law applies, Plaintiffs' conversion claim is time barred because certain alleged acts took place, at the latest, in early 2006 (Compl., ¶¶44, 113); therefore, Plaintiffs had until early 2010 to file their conversion claim. Plaintiffs are too late.

"(1) whether the judgment would settle the controversy;

(2) whether the declaratory judgment action would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of 'procedural fencing' or 'to provide an arena for a race for res judicata';

(4) whether the use of a declaratory action would increase the friction between our federal and state courts and improperly encroach on state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective."

Bituminous Cas. Corp. v. J & L Lumber Co., 373 F.3d 807, 813 (6th Cir. 2004) (citation omitted).[10] The Court should also consider whether there is relief that the Court may grant in a declaratory judgment action that could not be awarded under the direct claims alleged. Superior Care Pharm. Inc. v. Med. Shoppe Int'l, Inc. et al., No. 2:10-cv-207, 2011 U.S. Dist. LEXIS 13013, at *41-43 (S.D. Ohio Feb. 10, 2011) (J. Graham); Stuckey v. Online Res. Corp., No. 2:08-cv-1188, 2009 U.S. Dist. LEXIS 115625, at *55-56 (S.D. Ohio Dec. 11, 2009) (J. Holschuh).

In Superior Care, defendants moved to dismiss plaintiffs' fraud, breach of contract and declaratory judgment claims. Defendants argued that "since the declaratory judgment claim is duplicative of the fraud and breach of contract claims, [the Court should] decline to entertain the request for declaratory judgment." 2011 U.S. Dist. LEXIS 13013, at *41. The Court agreed. Applying the Bituminous factors, the Court found that "[e]ntertaining the declaratory judgment claim to address the same issues raised by substantive claims which have been deemed to be insufficiently pleaded would defeat the purpose of Rule 12(b)(6)." Id. at *42. Further, "even if

---

[10] Accord: Superior Care, 2011 U.S. Dist. LEXIS 13013, at *41-42 (relying on Bituminous).

the fraud and breach of contract claims had survived defendants' Rule 12(b)(6) motion, <u>there is no relief this court could have granted in a declaratory judgment action that could not have been awarded if plaintiffs prevailed on those direct claims.</u>"  <u>Id</u>. at *43 (emphasis added).

Likewise, in <u>Stuckey</u>, the Court declined to exercise its discretion to entertain plaintiff's claims for declaratory judgment because the relief sought was "already sought in [plaintiff's] other [direct] claims."  2009 U.S. Dist. LEXIS 115625, at *53-56.  In particular, applying the <u>Bituminous</u> factors, the Court found that the first, second and fifth factors all weighed against entertaining the declaratory judgment claims because the "declaratory judgment claims are simply a different form of relief sought, and they do not bring with them any benefit not already attainable for [plaintiff] through his direct claims for relief."  <u>Id</u>. at *55 (finding the third and fourth factors "neutral" because they were inapplicable to the facts of the case).

Here, as in <u>Superior Care</u> and <u>Stuckey</u>, Plaintiffs' claim for declaratory judgment should be dismissed because the relief sought via declaratory judgment action is duplicative of their breach of contract claims.  Plaintiffs allege that the parties (or their respective predecessors-in-interest) entered into two or more contracts, which were purportedly breached by ExamOne. Compl., ¶¶14-35, 59-67.  Evaluating Plaintiffs' breach of contract claims (Second and Third Claims for Relief), the Court must determine which contract(s) govern the parties' relationship. <u>Heidtman Steel Prods., Inc. v. Compuware Corp.</u>, Case No. 3:97CV7389, 1999 U.S. Dist. LEXIS 21700, at *10 n.1 (N.D. Ohio Feb. 15, 1999).  This is the same issue on which Plaintiffs seek declaratory judgment.  Compl., ¶58.  Therefore, the first, second and fifth factors all weigh against entertaining Plaintiffs' claim for declaratory judgment, and that claim should be dismissed with prejudice.[11]

---

[11] As in <u>Stuckey</u>, the third and fourth factors are inapplicable here.

2.      Plaintiffs' Breach of Implied Contract, Promissory Estoppel, and Unjust Enrichment Claims Cannot Exist Where There Is a Valid and Enforceable Written Contract

Quasi-contractual theories of recovery are precluded where an express contract governs the parties' relationship.  Hershey Foods Corp. v. Ralph Chapek, Inc., 828 F.2d 989, 999 (3d Cir. 1987) ("[T]he quasi-contractual doctrine of unjust enrichment [is] inapplicable when the relationship between the parties is founded on a written agreement or express contract.  Where an express contract governs the relationship of the parties, a party's recovery is limited to the measure provided in the express contract . . . .") (internal quotations and citation omitted); ISObunkers, L.L.C. v. Easton Coach Co., No. 09-879, 2010 U.S. Dist. LEXIS 11201, at *13-15 (E.D. Pa. Feb. 8, 2010) ("[A]n enforceable contract between two parties precludes relief for a claim of promissory estoppel.") (citation omitted).[12]

In ISObunkers, the court found that, because plaintiff "concede[d] the existence of a valid contract between the parties, [plaintiff was] precluded from bringing a promissory estoppel claim."  2010 U.S. Dist. LEXIS 11201, at *14-15.

Here, Plaintiffs' claims for breach of implied contract, promissory estoppel, and unjust enrichment[13] are precluded because, similar to ISObunkers, Plaintiffs allege that the

_____

[12] Ohio law similarly requires dismissal.  Gallo v. Westfield Nat'l Ins. Co., No. 91893, 2009 Ohio App. LEXIS 879, at *8-9 (Cuyahoga Cty. Mar. 12, 2009) (upholding dismissal of plaintiff's unjust enrichment claim because, "[u]njust enrichment cannot exist where there is a valid and enforceable written contract"); Cerdent, Inc. v. DHL Express (USA), Inc., No. 2:08-cv-186, 2009 U.S. Dist. LEXIS 27070, at *16-18 (S.D. Ohio Mar. 30, 2009) (J. Marbley) (applying Ohio law, the court dismissed, among other claims, plaintiffs' claims for unjust enrichment and promissory estoppel because, "where an express contract covers the subject matter of an equitable claim, the equitable claim will fail as a matter of law") (relying, in part, on Cook v. Home Depot U.S.A., Inc., No. 06-cv-00571, 2007 U.S. Dist. LEXIS 15679, at *21 (S.D. Ohio 2007) (J. Smith) ("Ohio law does not allow parties to seek damages under quasi-contractual theories of recovery such as a claim of unjust enrichment when a contract governs the relationship." (internal quotations and citation omitted)).

[13] Plaintiffs' unjust enrichment claim also fails because Plaintiffs fail to plead supporting factual averments.  Plaintiffs' unjust enrichment claim is subject to four-year statute of limitation in Pennsylvania, 42 Pa. Cons. Stat. §5525(4); Cole v. Lawrence, 701 A.2d 987, 989 (Pa. Super. Ct. 1997), and a six-year statute of limitation in Ohio, Ohio Rev. Code §2305.07.  Plaintiffs' Complaint, however, is silent as to whether the alleged underlying conduct occurred within either limitations period.  Compl., ¶¶82-89.  Failure to specify relevant dates and place the conduct

agreements among the parties, and their predecessors-in-interest, are valid and enforceable.

Compl., ¶58 ("the August 10, 1989, License Agreement and other agreements attached hereto

and incorporated herein remain valid and enforceable"); ¶¶59-67.  Plaintiffs' quasi-contractual

claims are based entirely on those written agreements attached to the Complaint, and are no more

than a recitation of their claims for breach of the License and Agency agreements (i.e., Second

and Third Claims for Relief, respectively).  Compl., ¶¶68-71 (claim for breach of implied

contract virtually identical to claim for breach of Agency Agreement); ¶73 (claim for promissory

estoppel based on "promise[] . . . to honor Plaintiffs' contract with . . . Exam[O]ne's predecessor

in interest" ); ¶¶83-88 (claim for unjust enrichment based on compensation owed Plaintiffs by

ExamOne, which is covered under the provisions of parties' agreements).  Therefore, Plaintiffs

quasi-contractual claims should be dismissed with prejudice.

a.      Plaintiffs' Claim for Breach of Fiduciary Duty Fails

Pennsylvania does not recognize claims for breach of the covenant of good faith

and fair dealing as an independent cause of action outside of the insurer-insured relationship.

McHolme/Waynesburg, LLC v. Wal-Mart Real Estate Bus. Trust, No. 08-961, 2009 U.S. Dist.

LEXIS 38934, at *6 (W.D. Pa. May 7, 2009).[14]  "[A] claim arising from a breach of the covenant

of good faith must be prosecuted as a breach of contract claim, as the covenant does nothing

more than imply certain obligations into the contract itself."  JHE, Inc. v. SEPTA, No. 1790,

2002 Phila. Ct. Com. Pl. LEXIS 78, at *13, 21 (Pa. Com. Pl. May 17, 2002) (finding "that a

---

within the applicable limitations period requires dismissal.  Bell Atl. v. Twombly, 550 U.S. 544, 555 (2007); Young v. Beard, No. 3:07-2266, 2009 U.S. Dist. LEXIS 87249, at *40-41 (M.D. Pa. May 29, 2009) (dismissing claims, in part, for failure to "specify relevant dates and to place the alleged conduct in the limitations period . . .") (relying on Twombly and Iqbal).

[14] Likewise, in Ohio, "[t]here is no separate tort cause of action for breach of good faith and fair dealing separate from a breach of contract claim.  Rather, good faith is part of a contract claim and does not stand alone."  Ne. State College of Massotheraphy v. Burek, 144 Ohio App. 3d 196, 204, 759 N.E.2d 869, 875 (Mahoning Cty. 2001) (internal quotations and citation omitted).

breach of the covenant of good faith is nothing more than a breach of contract claim and that separate causes of action cannot be maintained for each, even in the alternative").

In <u>Wal-Mart</u>, the court, applying Pennsylvania law, dismissed defendant's breach of good faith and fair dealing counterclaim.  2009 U.S. Dist. LEXIS 38934, at *6.  Defendant alleged that:  "[Plaintiff's] refusal to accept responsibility for and repair the unstable building pad for almost a year, and <u>being contractually obligated to remediate</u>, constitutes a breach of the duty of good faith and fair dealing."  <u>Id</u>. at *4 (emphasis in original).  The court, relying on the emphasized language, found that defendant's counterclaim was "essentially duplicative of its claim for breach of contract . . . [therefore,] this claim is subsumed in [defendant's] claim for breach of contract."  <u>Id</u>. at *5.

Like <u>Wal-Mart</u>, Plaintiffs allege no duty owed by ExamOne independent of the parties' written agreements.  Rather, Plaintiffs allege only that ExamOne owes "a fiduciary duty by virtue of the written License and Agency Agreements . . . ."  Compl., ¶79.  Therefore, Plaintiffs' claim for breach of fiduciary duty should be dismissed with prejudice.

        b.    <u>Plaintiffs' Claim for Promissory Estoppel Fails</u>

The elements of promissory estoppel include, among other elements, an express promise and reliance on that promise.  <u>KSM Assoc., Inc. v. ACS State Healthcare, LLC</u>, No. 05-4118, 2006 U.S. Dist. LEXIS 28288, at *4-5, 10 (E.D. Pa. May 10, 2006) (finding that plaintiff's promissory estopple claim failed as a matter of law because plaintiff could not identify an express promise by defendant upon which it reasonably relied).  There can be no justifiable reliance without an express promise.  <u>Id</u>. at *6 (citations omitted).[15]

---

[15] Ohio law similarly requires dismissal.  Among the elements of a claim for promissory estoppel is "a clear and unambiguous promise."  <u>Nuovo v. The Ohio State Univ.</u>, 726 F. Supp. 2d 829, 841-42 (S.D. Ohio 2010) (J. Frost) (applying Ohio law, the court dismissed plaintiff's promissory estoppel claim for failure to allege a clear,

Here, Plaintiffs' only allegation of a "promise" is the purported promise to honor the parties' prior written agreements.  Compl., ¶¶37, 73-74.  Plaintiffs' allegations are too "broad and vague" to withstand dismissal.  <u>KSM</u>, 2006 U.S. Dist. LEXIS 28288, at *8.  <u>Accord</u>:  <u>Bell Atl. v. Twombly</u>, 550 U.S. 544, 555-57 (2007); <u>Ashcroft v. Iqbal</u>, ___ U.S. ___, 129 S. Ct. 1937, 1944, 1950-51 (2009); <u>New Albany Tractor, Inc. v. Louisville Tractor, Inc. et al.</u>, No. 10-5100, 2011 U.S. App. LEXIS 12457 at *6-16 (6th Cir. June 21, 2011) (affirming dismissal of plaintiff's complaint with prejudice pursuant to <u>Twombly</u> and <u>Iqbal</u>, the Court acknowledged that, under the heightened pleading standard, dismissal is appropriate even where discovery may be plaintiff's only way to obtain sufficient facts to meet that standard).  For example, the Complaint is void of any allegation that (a) Mr. Troy Hartman was qualified to make any promises; and (b) Mr. Hartman made any express promise at all.  Compl., ¶37.

      3.        Plaintiffs' Claims for Breach of Fiduciary Duty, Misappropriation of Trade Secrets, Tortious Interference and Conversion are Barred <u>Under the Gist of the Action Doctrine</u>

Plaintiffs' Complaint sounds in contract – not tort; therefore, Plaintiffs' claims for breach of fiduciary duty, misappropriation of trade secrets, tortious interference and conversion should be dismissed under Pennsylvania's gist of the action doctrine.  "Pennsylvania courts are cautious about permitting tort recovery on contractual breaches."  <u>Brown & Brown, Inc. v. Cola</u>, 745 F. Supp. 2d 588, 619 (E.D. Pa. 2010) (applying Pennsylvania law, the court dismissed plaintiffs' breach of fiduciary duty, tortious interference and conversion claims based on the gist of the action doctrine) (citation omitted).  The "gist of the action" doctrine precludes tort claims

---

unambiguous promise); <u>Faurecia Auto. Seating, Inc. v. Toledo Tool and Die Co., Inc.</u>, 579 F. Supp. 2d 967, 974, 973 (N.D. Ohio 2008) (granting defendant's motion for judgment on the pleadings, the court found that, among other claims, plaintiff's promissory estoppel claim failed because "no clear and unambiguous promise existed," "[t]o be clear and unambiguous, the promise cannot be conditional") (internal quotations and citation omitted); <u>Weiper v. W.A. Hill & Assocs.</u>, 104 Ohio App. 3d 250, 260-61, 661 N.E.2d 796, 803-4 (Hamilton Cty. 1995) (affirming trial court's finding that plaintiff's promissory estoppel claim failed as a matter of law).

for the "mere breach of contractual duties."  Id.  (citations omitted).  Accord:  Samson Lift Tech.,

LLC v. Jerr-Dan, Corp. et al., No. 09-1590, 2010 U.S. Dist. LEXIS 26862, at *20-27 (M.D. Pa.

Mar. 22, 2010) (dismissing, among other claims, plaintiff's breach of fiduciary duty, conversion

and tortious interference claims because, "[u]nder the 'economic loss doctrine,' a plaintiff may

not recover in tort for what is otherwise an allegation sounded in contract").[16]  In particular,

> "[t]he doctrine bars tort claims:  (1) arising solely from a contract
> between the parties; (2) where the duties allegedly breached were
> created and grounded in the contract itself; (3) where the liability
> stems from a contract; or (4) where the tort claims essentially
> duplicates a breach of contract claim or the success of which is
> wholly dependent on the terms of a contract."

Brown & Brown, 745 F.Supp. 2d at 619-20 (citations omitted).  Whether the doctrine applies is a

question of law.  Id. at 620.

Here, Plaintiffs' breach of fiduciary duty, misappropriation of trade secrets,

tortious interference and conversion claims fail.  First, as in Brown & Brown and Samson Lift,

Plaintiffs fail to allege any legal duty ExamOne owed that arose outside of the obligations

contained in the contract.  Compl., ¶¶78-81.[17]

---

[16] Pennsylvania courts, and federal courts interpreting Pennsylvania law, refer to the gist of the action doctrine and the economic loss doctrine interchangeably and as related doctrines.  E.g., Samson Lift, 2010 U.S. Dist. LEXIS 26862, at *18-19.  While Ohio does not recognize the gist of the action doctrine, and its "economic loss doctrine" has been interpreted slightly different than Pennsylvania's gist of the action doctrine, Ohio law similarly precludes tort claims where a plaintiff's claims sound in contract.  Reengineering Consultants, Ltd. V. EMC Corp., No. 2:08-cv-47, 2009 U.S. Dist. LEXIS 2627, at *8-9 (S.D. Ohio Jan. 14, 2009) (J. Holschuh) (distinguishing application of Ohio's economic loss rule, the court dismissed plaintiff's tortious interference claim under Ohio law where plaintiff admitted to a valid contractual agreement and failed to allege any illegal motive behind defendant's purported solicitation of plaintiff's customers) (relying on Digital & Analog Design Corp. v. N. Supply Co., 44 Ohio St.3d 36, 46-47, 540 N.E.2d 1358, 1367-68 (1989) and Cincinnati Gas & Elec. Co. v. General Elec. Co., 656 F. Supp. 49, 61 (S.D. Ohio 1986) ("Under Ohio law, the existence of a contract action generally excludes the opportunity to present the same case as a tort claim.")).

[17] Accord:  Brown & Brown, 745 F. Supp. 2d at 621 (stating that plaintiffs' breach of fiduciary duty claims "are nothing more than a restatement of [p]laintiffs' breach of contract claim").

Second, Plaintiffs' misappropriation claim is merely a reiteration of their breach of contract claim. Plaintiffs allege that "Exam[O]ne's misappropriation of Plaintiffs' trade secrets . . . <u>violated its duties to Plaintiffs under the written agreements between them</u> . . . ." Compl., ¶96 (emphasis added). Likewise, as demonstrated in Section III(B)(2) below, Plaintiffs' tortious interference claims are based on factual averments directed at ExamOne's business decisions relating to its relationship with Plaintiffs – not third party insurance agencies, companies or other independent agents. Compl., ¶¶41-46, 99-109. The conduct underlying Plaintiffs' misappropriation and tortious interference claims, therefore, falls within the scope of the alleged contractual relationship among Plaintiffs and ExamOne.[18]

Finally, Plaintiffs' allegations that ExamOne converted their "right to conduct paramedical examinations" (¶111) and certain information relating to their "business contacts" (¶112) are insufficient to maintain a conversion claim. Plaintiffs have no express property interest in either. <u>Brown & Brown</u>, 745 F. Supp. 2d at 623-24 (dismissing plaintiffs' claim for conversion of their "customers and business" because "[p]laintiffs have no express property interest in these items.").[19] Plaintiffs' "right" to conduct paramedical examinations is derived from their alleged contractual relationship with ExamOne. Compl., ¶¶59-67. Likewise, Plaintiffs' business contacts' information was obtained during and because of their alleged contractual relationship with ExamOne.

---

[18] <u>Bohler-Uddeholm Am., Inc. v. Ellwood Grp., Inc.</u>, 247 F.3d 79, 103 (3d Cir. 2001) (stating that where a duty of confidentiality regarding trade secrets arises from an agreement, an action for misappropriation of those trade secrets cannot stand), <u>cert</u>. <u>denied</u>, 534 U.S. 1162, 122 S. Ct. 1173 (2002); <u>Brown & Brown</u>, 745 F. Supp. 2d at 621 ("A tortious interference with contract claim is barred by the gist of the action doctrine if it is not independent of a contract claim that is pled along with it.") (citation omitted).

[19] Both Pennsylvania and Ohio law require that plaintiffs have a property interest in the property allegedly converted by defendant. <u>Tegg Corp. v. Beckstrom Elec. Co.</u>, 650 F. Supp. 2d 413, 432 (W.D. Pa. 2008); <u>Cannon Group, Inc. v. Better Bags, Inc.</u>, 250 F. Supp. 2d 893, 902 (S.D. Ohio 2003) (J. Marbley).

B.    Plaintiffs' Ninth, Tenth and Eleventh Claims for Relief Should be
      Dismissed Because They are Preempted and Fail as a Matter of Law

      1.    Plaintiffs' Claims for Tortious Interference and Conversion are
            Preempted and Should be Dismissed

Plaintiffs allege that ExamOne violated Ohio's Uniform Trade Secrets Act.

Compl., ¶¶ 90-98.  As shown above, however, Pennsylvania law applies.[20]  The Pennsylvania

Uniform Trade Secrets Act ("PUTSA") provides that:

> "(a) GENERAL RULE.-- Except as provided in subsection (b), this
> chapter displaces conflicting tort, restitutionary and other law of
> this Commonwealth providing civil remedies for misappropriation
> of a trade secret.
>
> (b) EXCEPTIONS.-- This chapter does not affect:
>
>    (1) contractual remedies, whether or not based upon
> misappropriation of a trade secret;
>
>    (2) other civil remedies that are not based upon misappropriation
> of a trade secret; or
>
>    (3) criminal remedies, whether or not based upon
> misappropriation of a trade secret."

12 Pa. Cons. Stat. §5308 (emphasis added).[21]  Where the allegations supporting common-law

claims are mere restatements of the same facts supporting the trade secret clam, those common-

law claims should be dismissed.  Firstrust Bank v. DiDio, No. 200, 2005 Phila. Ct. Com. Pl.

---

[20] Both Ohio and Pennsylvania adopted the Uniform Trade Secrets Act (Ohio Rev. Code §§ 1333.61 et seq.; 12 Pa.
Cons.  Stat. §§5301, et seq.), and both states' courts interpreting their respective Acts apply the preemption
provisions to displace common law claims including tortious interference and conversion.  Unique Paving Materials
Corp. v. Fargnoli, 361 Fed. App'x 689, 690 (6th Cir. 2010) (affirming district court decision that found plaintiffs'
conversion, common law misappropriation of trade secrets, tortious interference, and unfair competition claims were
preempted by the OUTSA); Glasstech, Inc. v. TGL Tempering Sys., Inc., 50 F. Supp. 2d 722, 732 (N.D. Ohio 1999)
(dismissing plaintiff's common law claims pursuant to section 1333.67 of the OUTSA); Firstrust Bank v. DiDio,
No. 200, 2005 Phila. Ct. Com. Pl. LEXIS 376, at *3 (July 29, 2005) (dismissing plaintiff's conversion and unjust
enrichment claims because they were preempted by the PUTSA).

[21] Ohio Rev. Code §1333.67 (same).

LEXIS 376, at *3 (July 29, 2005) (dismissing plaintiff's conversion and unjust enrichment claims because they were preempted by the PUTSA).

Here, Plaintiffs allege that ExamOne secured certain confidential information (i.e., "business contacts") relating to "Plaintiffs['] clients, agents, examiners and other contacts" [to] "procure business for itself and establish its own corporate paramedical offices . . . ." Compl., ¶¶47, 91-96. Plaintiffs' claims for tortious interference and conversion, like all of their claims, are based on the same (incorrect and factually unsupported) allegations that ExamOne misappropriated and misused certain confidential information to establish corporate offices, institute the zip code model, and, ultimately, take business away from Plaintiffs.[22] Compl., ¶¶100-104 (alleging that ExamOne "hinder[ed] and/or prevent[ed] Plaintiffs from doing business with [their business] relations . . ."); ¶¶106-109 (ExamOne interfered with Plaintiffs' contract by "requiring complete disclosure of confidential information and by requiring use of centralized scheduling procedures"); and ¶¶111-116 ("Exam[O]ne's possession and use of the names, addresses or phone numbers of Plaintiffs' business contacts was a wrongful taking of Plaintiffs' property"). In other words, Plaintiffs' tortious interference and conversion claims are mere restatements of their misappropriation of trade secret claims, and, therefore, should be dismissed with prejudice.

> 2. Plaintiffs' Claims for Tortious Interference Also Fail Because Plaintiffs Fail to Allege Essential Elements of These Claims

Plaintiffs' claims for tortious interference with business relationships and contractual relationships (Ninth and Tenth Claims for Relief, respectively) should also be dismissed because Plaintiffs fail to allege: (1) the existence of a contract (or prospective

---

[22] As shown above, Plaintiffs' misappropriation claim is merely a restatement of their breach of contract claims. Compl., ¶96 (alleging that ExamOne's "misappropriation of Plaintiffs' trade secrets . . . violated its duties to Plaintiffs under the written agreements").

contract) among themselves and any third party with which ExamOne purportedly interfered; (2) that ExamOne's purported interference was directed at the third parties, and not Plaintiffs; (3) that ExamOne's actions were not privileged or justified; and (4) that Plaintiffs suffered any damages.

  In Pennsylvania, plaintiffs must allege and prove the following elements when alleging tortious interference with contractual relations:

> "(1) the existence of a contractual, or prospective contractual relation between itself and a third party; (2) purposeful action on the part of the defendant, specifically intended to harm the existing relation, or to prevent the prospective relation from occurring; (3) the absence of a privilege or justification on the part of the defendant; (4) the occasioning of actual legal damage as a result of the defendants' conduct; and (5) for prospective contracts, a reasonable likelihood that the relationship would have occurred but for the interference of the defendant."

Brokerage Concepts, Inc. v. U.S. Healthcare, Inc., 140 F.3d 494, 529–30 (3d Cir. 1998) (citing Pelagatti v. Cohen, 370 Pa. Super. 422, 434-35, 536 A.2d 1337, 1343 (Pa. Super. 1988)).  While Pennsylvania recognizes both tortious interference with existing and prospective contractual relations, it does not recognize the tort of interference with "business relations," as that tort is recognized in Ohio.  Brokerage, 140 F.3d at 529-30 (explaining that while Pennsylvania's claims for tortious interference with existing and prospective contractual relations are distinct, the two claims share essentially the same elements).  In other words, in Pennsylvania, plaintiffs must allege and prove the existence of (or potential for) a contract.  Brotech Corp. v. White Eagle Int'l Techs. Grp., Inc., No. 03-232, 2003 U.S. Dist. LEXIS 21073, at *23-24 (E.D. Pa. Nov. 18, 2003).[23]  Both Pennsylvania and Ohio, however, require plaintiffs to allege and prove that

---

[23] Accord:  Bioquell, Inc. v. Feinstein, No. 10-2205, 2010 U.S. Dist. LEXIS 124077, at *19-20 (E.D. Pa. Nov. 23, 2010) ("An existing or prospective contractual relationship is a required element to establish a cause of action for

defendant's interference was directed at the third party, not plaintiff. Brotech, 2003 U.S. Dist. LEXIS 21073, at *26; Kenty v. Transamerica Premium Ins. Co., 72 Ohio St. 3d 415, 418-19, 650 N.E.2d 863, 866 (1995); Fred Seigel Co., L.P.A. v. Arter & Hadden, 85 Ohio St. 3d 171, 707 N.E.2d 853 (1998) (following Kenty).

Here, Plaintiffs' tortious interference claims fail. First, Plaintiffs fail to allege the existence of a contract with which ExamOne allegedly interfered.[24] Plaintiffs allege only that they had "contracts with their independent agent examiners, nurses, and physicians." Compl. ¶106. Plaintiffs fail to allege the type, title, substance or term of those "contracts." Absent such allegations, Plaintiffs' claim should be dismissed. Marci's Fun Food, LLC v. Shearer's Foods, Inc., No. 2:10-188, 2010 U.S. Dist. LEXIS 107866, at *35-37 (W.D. Pa. Oct. 8, 2010) (dismissing plaintiff's tortious interference claim under both Pennsylvania and Ohio law for failure to "allege any specific contractual relationship with which Defendants allegedly interfered," the court stated that plaintiff's complaint "only vaguely alleges a 'relationship' with unidentified 'customers'").[25]

---

tortious interference."). In Ohio, the elements of tortious interference with contractual relations are: "(1) the existence of a contract, (2) the defendant's knowledge of the contract, (3) the defendant's intentional procurement of the contract's breach, (4) the lack of justification, and (5) resulting damage." Baseball at Trotwood, LLC v. Dayton Prof'l Baseball Club, No. C-3-98-260, 2003 U.S. Dist. LEXIS 27460, at *16 (S.D. Ohio Sept. 2, 2003) (J. Rice) (citation omitted), aff'd, 204 Fed App'x 528 (6th Cir. 2006) The elements for tortious interference with business relations are: "(1) a business relationship; (2) the wrongdoer's knowledge thereof; (3) an intentional interference causing a breach or termination of the relationship; and (4) damages resulting therefrom." Id. (internal quotations and citation omitted). A contract is not a required element of the latter tort in Ohio. Id. at *17.

[24] Under Pennsylvania law, Plaintiffs' Ninth Claim for Relief, Tortious Interference with Business Relationships fails as a matter of law because Plaintiffs fail to allege the existence of any contract whatsoever. Compl., ¶¶99-104. While Ohio permits claims for interference with business relations only, under Ohio law Plaintiffs' claim still fails for the reasons shown below, as well as for Plaintiffs' failure to meet the heightened pleading standards of Twombly and Iqbal. Conclusory allegations of "business relations," absent any supporting factual averments, are not sufficient. Iqbal, 129 S. Ct. at 1950-51; Twombly, 550 U.S. at 555; New Albany Tractor, 2011 U.S. App. LEXIS 12457 at *8.

[25] Accord: ClubCom, Inc. v. Captive Media, Inc., No. 02:07-cv-1462, 2009 U.S. Dist. LEXIS 7960, at *32–33 (W.D. Pa. Jan. 31, 2009) (granting defendants' motion to dismiss after finding plaintiff failed to identify a contract that was interfered with by the defendant: "If existing contracts are alleged to have been interfered with, the complaint should be able to allege what contracts or types of contracts they are.").

Second, Plaintiffs allege only that ExamOne interfered with Plaintiffs – not with any third party. Compl., ¶¶41-42, 44-45, 47, 103 ("by hindering and/or preventing Plaintiffs . . ."), 108 ("requiring complete disclosure of confidential information and by requiring use of centralized scheduling procedures"). ExamOne's allegedly interfering business practices are all directed toward Plaintiffs – not third parties; therefore, Plaintiffs' tortious interference claims fail. Brotech, 2003 U.S. Dist. LEXIS 21073, at *26; Kenty, 72 Ohio St. 3d at 418-19.

Third, Plaintiffs' Complaint is silent as to whether ExamOne was privileged or justified to conduct itself as alleged. Compl., ¶¶99-109. Absent such allegations, Plaintiffs' claims for tortious interference should be dismissed with prejudice. Assembly Tech. Inc. v. Samsung Techwin Co., No. 09-00798, 2009 U.S. Dist. LEXIS 106934, at *15-17 (E.D. Pa. Nov. 16, 2009) (applying Pennsylvania law, the court granted defendant's motion to dismiss plaintiff's tortious interference with contractual relationships claim, among other claims, for failure to allege defendant's actions were not privileged).[26]

Finally, Plaintiffs allege no damages as a result of ExamOne's purported interference. Instead, absent any supporting factual averments, Plaintiffs plead only that they sustained "injuries and monetary damages." Compl., ¶109. Such vague, conclusory allegations are insufficient as a matter of law. Twombly, 550 U.S. at 555; Iqbal, 129 S. Ct. at 1944, 1950-51; New Albany Tractor, 2011 U.S. App. LEXIS 12457 at *8.

---

[26] Ohio law similarly requires dismissal. Baseball, 2003 U.S. Dist. LEXIS 27460, at *16-17 ("It is the lack of justification . . . or absence of privilege . . . that goes to the question of whether an act of interference was improper.") (internal quotations and citation omitted); Klusty v. Taco Bell Corp., 909 F. Supp. 516, 524 (S.D. Ohio 1995) (M.J. Merz) (defining the elements of Ohio's tortious interference claims, both of which require plaintiffs to allege and prove that defendant lacked privilege or justification to act as alleged, the Court stated that, "[w]hile the Federal Rules do not require the pleading of evidence, they do require that all necessary elements of a claim for relief be well-pleaded.") (internal quotations omitted).

IV.        <u>CONCLUSION</u>

Plaintiffs' Complaint fails to state any claim upon which relief may be granted.

For the foregoing reasons, this Court should dismiss Plaintiffs' Complaint, with prejudice, in its

entirety, pursuant to Fed. R. Civ. P. 12(b)(6).


Respectfully submitted,


OF COUNSEL:

D. Jeffrey Ireland (0010443)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-3710
Telecopier:  (937) 227-3717
Email:  djireland@ficlaw.com

s/ Erin E. Rhinehart
Brian D. Wright (0075359)
    (Trial Attorney)
Erin E. Rhinehart (0078298)
FARUKI IRELAND & COX P.L.L.
500 Courthouse Plaza, S.W.
10 North Ludlow Street
Dayton, OH  45402
Telephone:  (937) 227-9910
Telecopier:  (937) 227-3717
Email:  bwright@ficlaw.com

Attorneys for
Defendant ExamOne Worldwide Inc.

20

## CERTIFICATE OF SERVICE

I certify that on the 24th day of June, 2011, I electronically filed the foregoing

Motion of Defendant ExamOne Worldwide Inc. to Dismiss With Prejudice Plaintiffs' Complaint

with Jury Demand Endorsed Hereon with the Clerk of Courts using the CM/ECF system, which

will send notification of such filing to CM/ECF participants:

> Jeffrey W. Snead
> Joseph J. Mondock
> THORSON, SWITALA, MONDOCK & SNEAD LLP
> 130 W. Second Street, Suite 1508
> Dayton, OH  45402

> s/ Erin E. Rhinehart
> Erin E. Rhinehart

491576.2

21